**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**CENTRAL DIVISION**
**AT LEXINGTON**

**CIVIL ACTION NO. 10-346-DLB**

**BENNIE R. LAY, JR.** **PLAINTIFF**

**vs.** **MEMORANDUM ORDER**

**MICHAEL J. ASTRUE,**
**Commissioner of Social Security** **DEFENDANT**

* * * * * * * * * * * * * *

## I. Introduction

This matter is before the Court on Plaintiff Bennie R. Lay, Jr.'s petition for attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (Doc. # 13), and on Plaintiff's motion to amend his petition for attorney's fees under 28 U.S.C. § 2412(b) (Doc. # 18). After Plaintiff filed his initial petition for attorney's fees (Doc. # 13) requesting attorney's fees at the capped rate of $150.00 (including cost-of-living adjustments), he filed a motion to amend his petition for attorney's fees under 28 U.S.C. § 2412(b) (Doc. # 18) requesting compensation at his full hourly rate of $325.00 because of Defendant's alleged bad faith actions. These motions have been fully briefed (*see* Docs. # 15, 17, 18, 31, 32) and are ripe for review. For the reasons set for the below, the petition for attorney's fees (Doc. # 13) is **granted** in part and **denied** in part, and the motion to amend petition for attorney's fees under 28 U.S.C. § 2412(b) (Doc. # 18) is **denied**.

## II. Procedural Background

Following an administrative law judge's June 27, 2008 decision partially denying him social security disability payments, Plaintiff Bennie Lay, Jr. requested review by the Social Security Administration's Appeals Council. (*See* Doc. # 31-1, at 13). The Council denied review on July 29, 2010. (*See id.* at 14-17). Plaintiff then filed the instant action on October 1, 2010. Before the answer was due, the Commissioner filed a motion to remand this case under Sentence Six of 42 U.S.C. § 405(g), explaining that remand was necessary because he had recently learned that the recording of Plaintiff's February 13, 2008 administrative hearing was inaccessible due to encryption on the compact disc. (*See* Doc. # 6). The Court granted remand. (*See* Doc. # 8). Following remand, an ALJ held an administrative hearing and issued a decision that was fully favorable to Plaintiff.

## III. Plaintiff's motion to amend petition for attorney's fees under 28 U.S.C. § 2412(b) (Doc. # 18) is denied

In his motion to amend petition for attorney's fees under 28 U.S.C. § 2412(b) (Doc. # 18), Plaintiff argues that the Appeals Council should have attempted to listen to the recording at issue before denying review. Had the Commissioner made this attempt, Plaintiff contends, he would have realized the recording was inaccessible and remanded his case for another administrative hearing, sparing Plaintiff the necessity of filing this federal lawsuit. (Doc. # 18, at 2). Plaintiff concludes that the Commissioner's failure to do so constituted "bad faith" under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(b), entitling Plaintiff to attorney's fees at the market rate, rather than the capped rate of § 2412(d).

Section 2412(b) provides that in any civil action brought by or against the United States or any agency, "a court may award reasonable fees and expenses of attorneys . . . to the prevailing party" and that "[t]he United States shall be liable for such fees and expense to the same extent that any other party would be liable under the common law . . . ." Under the "American Rule," each party ordinarily bears its own attorneys fees. *Griffin Industries, Inc. v. E.P.A.*, 640 F.3d 682, 685 (6th Cir. 2011). However, the common law contains a "bad faith" exception to the "American Rule," permitting the prevailing party to recover its attorneys fees from an opposing party that acted in bad faith. *Id.*

Because a "bad faith" fee award under the EAJA is "extraordinary and punitive," it requires a finding of the non-prevailing party's "subjective bad faith." *Id.* (citing *Bergman v. United States*, 844 F.2d 353, 357 (6th Cir.1988)). Specifically, the district court must find (1) that the position advanced or maintained by the party was meritless, (2) that the meritlessness was known to the party, and (3) that the position was advanced or maintained for an improper purpose, such as harassment. *Id.* at 685. "[T]he court must find something more than that a party knowingly pursued a meritless claim or action at any stage of the proceedings . . . . Harassing the opposing party, delaying or disrupting litigation, hampering the enforcement of a court order, or making improper use of the courts are all examples of the sorts of conduct that will support a finding of bad faith or improper purpose." *BDT Products, Inc. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 753-54 (6th Cir. 2010).

In this case, Plaintiff is not entitled to a bad faith fee award because the Commissioner did not have a statutory duty to review the recording at issue; and, even if the Commissioner did have such a duty, there is no evidence that he failed to review the recording for bad faith reasons.

First, the Appeals Council's statutory duty to review evidence from the ALJ hearing record, including recordings, is triggered when it *grants* review, not when it *denies* review. Federal regulations are quite clear on this duty. For instance, 20 C.F.R. § 404.976(b), entitled "Procedures before Appeals Council on review," provides that when the Appeals Council *grants* review, it "will consider *all the evidence* in the administrative law judge [ALJ] hearing record." (emphasis added). In addition, § 404.979, entitled "Decision of Appeals Council," provides that once the Appeals Council *grants* review, it "will make a decision or remand the case to an administrative law judge" only "[a]fter it has reviewed *all the evidence* in the administrative law judge hearing record and any additional evidence received." (emphasis added).

By contrast, it appears that *no* statutory duty to review the hearing record is triggered when the Appeals Council *denies* review. Federal regulations are silent as to what evidence, if any, the Council must consider when it denies review. *See* 20 C.F.R. § 404.967 (mentioning the Council's discretion to deny review but setting forth no burden of evidentiary review). In addition, the SSA's internal procedures provide that when denying review, the Council need only audit (i.e., listen to) hearing recordings in specific situations. The internal procedures, known as the Hearings, Appeals and Litigation Law Manual ("HALLEX"), require an audit of the entire hearing tape: (1) in request for review cases involving an allegation of bias or an unfair hearing; or (2) in request for review cases when recommending that the Appeals Council grant review to issue a less than fully favorable

decision.[1] HALLEX I-3-1-52; I-3-1-100. Neither scenario was present here.

Plaintiff incorrectly asserts that his case falls under the second scenario because the ALJ issued a less than fully favorable decision against him. (*See* Doc. # 32, at 5-6). But the second scenario does not apply to review of *ALJ decisions* that are less than fully favorable; it only applies when the *Council itself* is being asked to issue a less than fully favorable decision after review. Plaintiff's argument thus fails. The SSA's internal procedures did not obligate the Council to review the recording at issue.

Second, even assuming, *arguendo*, that the Commissioner had a duty to review the recording at issue, Plaintiff has not even alleged that his failure to fulfill this duty was motivated by subjective bad faith, such as harassment, delay, or disruption. *See BDT Products, supra*. In fact, Plaintiff ignores the subjective bad faith requirement altogether, arguing instead that the Commissioner's failure to fulfill his alleged statutory duty to review the recording constitutes bad faith *per se*. (*See* Doc. # 18, at 3). This is not the standard in the Sixth Circuit.

Furthermore, the Commissioner accurately observes that at worst, the Appeals Council delayed this case by five months. Had it tried to review the recording in July of 2010 and realized it was defective, it could have remanded the case at that time. As it happened, the Commissioner was notified that the recording was defective on December 7, 2010, when he received a memorandum from his Office of General Counsel. (*See* Doc. # 31-1, at 18). Six days later, the Commissioner moved to remand this case. This short

[1] Other HALLEX provisions requiring auditing of expert witness testimony are irrelevant here because Plaintiff did not raise any issues regarding expert testimony with the Council. (*See* Doc. # 31, at 9; HALLEX I-3-1-100).

delay does not constitute bad faith.

Plaintiff's reliance on the Fifth Circuit's decision in *Baker v. Bowen* is misplaced because the Appeals Council in *Baker granted* review of the claimant's case, triggering a duty to review the recordings at issue. 839 F.2d 1075, 1081 (5th Cir. 1988). *Baker* is further distinguishable because the Secretary of Health and Human Services deliberately concealed that the recordings were lost by moving for extensions in the district court to "develop the record" despite knowing the tapes could not be found. *Id.* at 1081-82. Here, no such bad faith has even been alleged.[2]

For all these reasons, the Court finds that Plaintiff is not entitled to a bad faith fee award.

**IV. Plaintiff's petition for attorney's fees under 28 U.S.C. 2412(d) (Doc. # 13) is granted in part and denied in part**

In his petition for attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (Doc. # 13), Plaintiff seeks a fee award of $11,775.00 (representing 78.5 hours at a rate of $150.00 per hour).

It is undisputed that Plaintiff is entitled to attorney's fees under § 2412(d). *See* 28 U.S.C. § 2412(d)(1)(B) (listing requirements). First, Plaintiff is a "prevailing party" because he obtained a fully favorable decision following a sentence six remand. *Marshall v. Commissioner of Social Sec.*, 444 F.3d 837, 842 (6th Cir. 2006) ("Although a sentence six

[2] The Court's findings today will come as no surprise to Plaintiff's counsel. Plaintiff's counsel recently advanced the same arguments before Judge Coffman in *Hayes v. Astrue*, No. 10-401-JBC, 2012 WL 3544740 (E.D. Ky. Aug. 15, 2012). In *Hayes*, Judge Coffman reached the same conclusion the Court reaches today: (1) the Appeals Council has no duty, under federal regulations or its own internal procedures, to review hearing recordings when it denies review; (2) even if the Commissioner "should have known" a recording was defective, this alone does not constitute bad faith; (3) Plaintiff's counsel failed to allege the Commissioner acted for an improper purpose; and (4) *Baker* is inapposite. *Id.* at *2.

remand, by itself, is not a sufficient basis for a litigant to claim 'prevailing party' status, the result of subsequent administrative proceedings is sufficient to confer prevailing party status upon that same litigant.") (internal citation and quotation omitted). Second, by failing to argue that its litigation position was substantially justified, Defendant implicitly concedes that it was not. *See United States v. True*, 250 F.3d 410, 419 n.7 (6th Cir. 2001) (government has the burden under the EAJA to show that its position was substantially justified). Third and finally, Plaintiff's fee petition was timely filed.

Defendant does dispute Plaintiff's counsel's hourly rate and the number of hours billed. The Court will address each objection in turn.

**A. Hourly Rate**

While a prevailing party is entitled to attorney's fees under the EAJA, the district court maintains a duty to ensure that such an award is "reasonable." *Hensley v. Eckerhart,* 461 U.S. 424, 433-34 (1983). "A reasonable fee is one that is adequate to attract competent counsel, but ... [does] not produce windfalls to attorneys." *Paschal v. Flagstar Bank*, 297 F.3d 431, 434 (6th Cir. 2002) (internal citation omitted). To calculate a reasonable fee under the EAJA, the district court must utilize the "lodestar method." *See Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("EAJA fees are determined not by a percent of the amount recovered, but by the time expended and the attorney's hourly rate . . . ." (quotations omitted); *Kelly v. U.S. Dep't of Housing and Urban Development*, 97 F.3d 118, 124 (6th Cir. 1996) (holding that the lodestar method applies to the EAJA). The lodestar method multiplies the number of hours reasonably expended on the litigation by a reasonable hourly rate. *Id.*

The EAJA caps an attorney's hourly rate at $125.00, with narrow exceptions. Specifically, it provides than an attorney's hourly rate

> "shall be based upon the prevailing market rates for the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

28 U.S.C. § 2412(d)(2)(A).

To justify an award above this $125.00 statutory cap, a plaintiff must show that the "prevailing market rate" in the relevant legal community has exceeded the cap. *Bryant v. Commissioner of Social Sec.,* 578 F.3d 443, 450 (6th Cir. 2009); *Kalar v. Astrue*, No. 10-428-JBC, 2012 WL 2873815 at *2 (E.D. Ky. July 13, 2012) (describing the prevailing market rate as a "threshold issue"). To make this showing, a plaintiff must "produce satisfactory evidence—in addition to the attorney's own affidavits—that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Bryant*, *supra* (citation omitted). If a plaintiff cannot make this showing, the district court need not consider whether the cost of living may have increased since the EAJA became law. *Id.*; *Kalar*, *supra*; *Wilcox v. Astrue*, No. 09-426-KSF; 2011 WL 6742955 at *3 (E.D. Ky. Dec. 23, 2011) ("[T]his Court has consistently required a showing that the prevailing market rate is higher than the statutory cap under EAJA, not just a showing that the cost of living has increased since the EAJA was enacted.").

Here, Plaintiff requests an hourly rate of $150.00. In support of this request, Plaintiff submits the Affidavit of Alvin D. Wax, Esq., dated June 20, 2003, in which Wax claims that his usual fee for social security cases is between $150.00 and $200.00. (*See* Doc. # 13-2,

at 1). Plaintiff also tenders two of Wax's fee awards. The first is an order issued by United States District Judge Joseph Hood in 2003, awarding Wax $144.20 per hour. (*Id.* at 2). However, Judge Hood predicated this award on the novelty of the issue involved and the special expertise required. (*Id.* at 3). The second is an incomplete Report and Recommendation from the Western District of Kentucky. (*Id.* at 5). The Court cannot consider this document because pages of it are missing.

This scanty evidence does not suffice to meet Plaintiff's burden of demonstrating that the prevailing market rate in the Eastern District of Kentucky, Central Division exceeds the statutory cap. Plaintiff has offered no recent decisions from this Division awarding fees above the statutory cap. He has also failed to show that this case involved a novel issue or otherwise required special expertise. In fact, Plaintiff's counsel submitted the exact same proof in *Kalar*, and Judge Coffman likewise found it insufficient. 2012 WL 2873815 at *1-2. Because Plaintiff has failed to show that the prevailing market rate exceeds the statutory cap, the Court need not address his cost of living arguments. *See, e.g.*, *id.*; *Bryant, supra*; *Wilcox*, *supra*. The Court thus finds that Plaintiff is entitled to an hourly rate of $125.00—the prevailing market rate in this Division. *See Kalar*, *supra* (awarding $125.00 as the customary rate in the Eastern District of Kentucky, Central Division at Lexington).

**B. Hours Billed**

Having determined the applicable hourly rate, the Court now turns to the number of hours expended by Plaintiff's counsel. Under the lodestar method, the district court is to exclude from its initial fee calculation those hours "that were not reasonably expended." *Hensley*, 461 U.S. at 434. This requires the district court to excise hours that would be unreasonable for an attorney to bill his client, and thus equally unreasonable to bill his

adversary. *Id.* (citation omitted). It is the fee applicant's burden to establish that the hours for which he seeks compensation were reasonably expended. *Id.* at 437. To meet this burden, he must present the district court with sufficiently clear billing records. *Id.* Hours that are "excessive, redundant, or otherwise unnecessary" will be stricken. *Id.* Where necessary, the district court may reduce an applicant's fees by a percentage amount rather than on a line-by-line basis. *Sykes v. Anderson*, 419 F. App'x. 615, 618 (6th Cir. 2011) (citing *Coulter v. Tennessee*, 805 F.2d 146, 152 (6th Cir. 1986)). The court must be ever mindful that its determination of fees "should not result in a second major litigation." *Hensley*, 461 U.S. at 437.

Defendant advances five objections to Plaintiff's requested hours: (1) Plaintiff has improperly billed for clerical work; (2) Plaintiff has improperly billed for attorney travel time, which is not compensable under the EAJA; (3) Plaintiff's counsel's travel expenses were unnecessary because Plaintiff could have employed local counsel; (4) Plainitff's counsel's travel expenses were unnecessary because he could have worked remotely; and (5) Plaintiff overestimated his travel expenses. The Court now turns to consider each objection.

**1. Clerical tasks**

Defendant objects that Plaintiff's counsel has billed for clerical work. (Doc. # 15, at 4). Purely clerical tasks are not compensable under the EAJA. *Pierce v. Astrue*, No. 3:10-cv-00349, 2012 WL 4471155, at *1 (S.D. Ohio, Sept. 26, 2012) (citing *Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989) ("Purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performed them.")). Clerical work involves tasks that do not require legal knowledge, such as filing motions, preparing or reviewing

summons, and receiving and filing correspondence. See, e.g., *Firestine v. Parkview Health Sys., Inc.*, 374 F.Supp.2d 658, 667 (N.D. Ind. 2005) (filing is a clerical task); *B&G Mining, Inc. v. Director, Office of Workers' Compensation Programs*, 522 F.3d 657, 666 (6th Cir. 2008) ("receiving and filing correspondence presumably constitutes clerical work"). One important caveat concerns paralegal services, meaning tasks that require some legal knowledge but do not necessitate the direct involvement of an attorney. Paralegal services are compensable under the EAJA at the prevailing market rate. *Richlin Sec. Service Co. v. Chertoff*, 553 U.S. 571, 581 (2008) (holding that EAJA attorney's fees include compensation for paralegal services at prevailing market rates).

Defendant asks the Court to deduct 8.35 hours for clerical tasks and for excessive time expended on both clerical and legal tasks. The Court finds that Plaintiff has indeed billed for several clerical activities. Examples include receiving a check (9/29/10), receiving and preparing summons (10/7/10, 10/14/10, 10/15/10, 10/18/10, 10/21/10, 11/22/10), preparing and filing proof of service (11/21/10), sending forms to Plaintiff (3/14/11), faxing documents (9/23/11), and scheduling hearing dates (9/23/11). (*See* Doc. # 13, at 7-13). Plaintiff's counsel argues that he had to perform these tasks himself because he has not been able to hire a paralegal. This fact is irrelevant because the tasks cited are not compensable, regardless of who performs them. *See Jenkins*, *supra*; *Richlin*, *supra*. Therefore, the Court will deduct 6.35 hours from Plaintiff's requested time. The Court will not grant Defendant's requested reduction of approximately two hours Plaintiff's counsel spent speaking with his client by phone and drafting a response motion (9/23/11, 2/23/12), as these efforts were neither clerical nor excessive. (*See* Doc. # 13, at 11-12).

**2. Attorney travel time under the EAJA**

Defendant suggests that an attorney's travel time is not compensable under the EAJA. (*See* Doc. # 15, at 9). Whether the EAJA authorizes compensation for an attorney's travel time is an unsettled matter in the Sixth Circuit. While the Sixth Circuit has held that travel "expenses" are not recoverable as "costs" under the EAJA, *see Wyandotte Sav. Bank v. N.L.R.B.*, 682 F.2d 119, 120 (6th Cir. 1982), it has not addressed whether that statute authorizes travel expenses (including travel time) as a "fee" or an "expense."[3]

The text and interpretative history of the EAJA demonstrate that Congress intended attorney travel time to be compensable as a "fee" or "other expense" under the EAJA. Section 2412(d)(1)(A) awards a prevailing party its "fees and other expenses, in addition to any costs awarded pursuant to [section 2412(a)]." Section 2412(d)(2)(A) partially defines "fees and expenses" as follows:

> "fees and other expenses" includes the reasonable expenses of expert witnesses, the reasonable cost of any study, analysis, engineering report, test, or project which is found by the court to be necessary for the preparation of the party's case, and reasonable attorney fees . . ."

By using the word "includes," Congress signaled that this definition of authorized fees and expenses is non-exhaustive. Were it to have intended an exhaustive definition, it would have used a more exclusive word like "means," as it did in defining the term "party" in § 2412(d)(2)(B). *See, e.g.*, *Jean*, *supra* at 777. In addition, the extraordinary nature of the reimbursable expenses listed suggests a non-exhaustive definition. For example, the

---

[3] Unfortunately, other circuits have misread *Wyandotte* as holding that travel is *not* reimbursable under the EAJA as a fee or an expense. *See, e.g.*, *Jean v. Nelson*, 863 F.2d 759, 777 (11th Cir. 1988); *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

list includes "engineering reports"—hardly the sort of item one would expect to see in an exhaustive list of routine expenses. By thus enumerating unusual expenses, Congress "enlarged, rather than contracted, the category of expenditures that are reimbursable under the EAJA." *Id.*

Congress further indicated its intent to compensate attorneys for their travel by including "reasonable attorney fees" in § 2412(d)(1)(A)'s list of authorized "fees and other expenses." According to the Supreme Court, the term "reasonable attorney's fee" means a "fully compensatory fee . . . comparable to what is traditional with attorneys compensated by a fee-paying client." *Jenkins*, 491 U.S. at 286 (interpreting the Civil Rights Attorney's Fees Awards Act of 1976, 42 U.S.C. § 1988). Accordingly, the Court has held that a reasonable attorney's fee includes an attorney's expenses, not just his work product. *Id.* at 285. Following this rationale, courts typically award attorney travel time as a "reasonable attorney's fee" under federal fee-shifting statutes. *See, e.g.*, *Calderon v. Witvoet*, 112 F.3d 275, 276 (7th Cir. 1997) (awarding attorney travel time under the Fair Labor Standards Act because it is "the sort of thing [ ] that a lawyer includes with a bill for professional services").

For all these reasons, the Court concludes that Congress intended to compensate attorneys for their travel time as a "fee" or "other expense" under § 2412(d)(1)(A). The Court notes that at least five circuit courts of appeal have reached the same conclusion. *See, e.g.*, *Priestley v. Astrue*, 651 F.3d 410, 419 (4th Cir. 2011) (allowing attorney travel time); *Cooper v. U.S. R.R. Retirement Bd.*, 24 F.3d 1414, 1417 (D.C. Cir. 1994) (same); *Jean,* 863 F.2d at 777-78 (holding that EAJA authorizes travel expenses but not indicating whether such expenses include both an attorney's time and expenses); *Aston v. Sec'y of Health and Human Services*, 808 F.2d 9, 12 (2d Cir. 1986) (same); *International*

*Woodworkers of America v. Donovan*, 769 F.2d 1388, 1392 (9th Cir. 1985) [opinion amended, 792 F.2d 762 (9th Cir. 1985)] (allowing attorney travel time). Defendant cites to the Southern District of Ohio's decision in *Drain v. Astrue*, No. 2:10-cv-25, 2011 WL 63513, at *3 (S.D. Ohio Jan. 6, 2011), which held that travel time is not compensable under the EAJA because it is an "administrative task." *Drain*, of course, is not binding, and its utter lack of supportive reasoning or citations render it unpersuasive as well. Defendant's suggestion that the EAJA does not compensate attorney travel time is thus without merit.

The rate at which attorney travel time is reimbursed remains within the sound discretion of the district court. *See, e.g.*, *Priestley*, *supra* (affirming district court's reduction of attorney's hourly rate for travel); *Cooper*, *supra* (allowing travel reimbursement at half the attorney's base hourly rate); *Amburgey v. Astrue*, No. 08-335-GWU, 2010 WL 567324, at *1 (E.D. Ky. Feb. 12, 2010) (allowing travel reimbursement at the full hourly rate of $125.00). Here, the Court finds that a reasonable fee for counsel's travel is the statutory cap of $125.00. That rate is already capped well below counsel's standard hourly fee. Moreover, a lesser rate would likely prove a disincentive to attorneys accepting social security appeals from clients residing in remote locations.

**3. Employing local counsel**

Defendant argues that Plaintiff's counsel's travel costs are not compensable because they were unnecessary. He contends that these costs could have been avoided if Plaintiff simply employed an attorney who resided closer to him. But Plaintiff's counsel asserts that it was exceedingly difficult for his client to find local counsel. In the Court's experience, social security work is not remunerative and practitioners in this field are limited. Thus, the Court finds that Plaintiff's choice of counsel was reasonable.

**4. Necessity of counsel's trips**

Defendant contends that Plaintiff's counsel's trip from Prestonburg, Kentucky to Clay City, Kentucky, and his three trips from Prestonburg to Lexington, Kentucky were unnecessary. (Doc. # 15, at 9). It is true that the EAJA limits all fees and expenses, including travel, to that which is "necessary to the preparation of the [prevailing] party's case." 28 U.S.C. § 2412(d)(2)(A). However, Plaintiff's counsel argues that two of his trips to Lexington were necessary because the SSA maintained a *paper* file on his client, and thus he could not remotely review an electronic version of the file. He also avers that his third trip to Lexington was necessary to represent his client before the ALJ, and that his trip to Prestonburg was necessary to meet with his client. Defendant's suggestions that Plaintiff's file "may" have been available in electronic format, and that Plaintiff "could have" participated in the ALJ hearing by phone or video conference, are not convincing. Moreover, reviewing a client's file and attending ALJ hearings are normal and indeed expected activities for attorneys handling social security cases. Counsel's trips were therefore "necessary to the preparation of the [his client's] case." 28 U.S.C. § 2412(d)(2)(A).

**5. Whether counsel overestimated his travel time**

Nevertheless, Plaintiff's counsel concedes that he overestimated his travel hours, While he argues that some of these hours should be compensated because he spent them conferring with his client in Lexington, he did not articulate this fact in his billing records. The Court will thus reduce his travel hours as Defendant has requested: 4.5 hours for the 9/1/10 trip to Prestonsburg, and 3 hours each for the 10/18/11, 11/29/11, and 12/7/11 trips

to Lexington. This reduces his total travel hours from 28.5 to 13.5.

**C. Lodestar**

Based on an hourly rate of $125.00 and a total of 57.15 attorney hours (78.5 requested hours minus 15 travel hours minus 6.35 clerical hours), this sets the lodestar at $7,143.75. The Court finds that the lodestar amount is reasonable in this case. *See Perdue v. Kenny A. ex rel. Winn*, 130 S.Ct. 1662, 1673 (2010) ("[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee.").

**V. Assignment of Fee Award To Counsel**

Plaintiff has executed an assignment (Doc. # 14-1) purporting to assign any EAJA fees he is awarded to his attorney. Defendant asserts that it cannot honor this assignment at this time because EAJA awards are payable to claimants, not their attorneys, *see Astrue v. Ratliff*, --- U.S. ----, 130 S.Ct. 2521, 2524, 177 L.Ed.2d 91 (2010), and because the assignment is void under the Anti-Assignment Act, 31 U.S.C. § 3727. This Court has previously held, in accord with most federal courts to have examined the issue, that the Anti-Assignment Act applies to EAJA fee awards. *See Turner v. Astrue*, 764 F.Supp.2d 864, 879 (E.D. Ky. 2010), overturned on other grounds, *Turner v. Commissioner of Social Sec.*, 680 F.3d 721 (6th Cir. 2012); *see also Kalar*, 2012 WL 2873815 at *2; *Teel v. Commissioner of Social Sec.*, 2012 WL 1940627 (S.D. Ohio May 29, 2012); *Meola v. Commissioner of Social Sec.*, 2012 WL 4077874 (M.D. Fla. Sept. 17, 2012); *Hayes v. Astrue*, No. 06-05720, 2008 WL 648463, at *3-4 (N.D.Cal. March 5, 2008); *Vinning v.*

*Astrue*, 668 F.Supp.2d 916, 929 (N.D.Tex.2009); *but see McGrath v. Astrue*, 2012 WL 4898276, at *4-7 (D. Minn. Oct. 1, 2012) (assignment of fee award to counsel does not run afoul of the Anti-Assignment Act). To execute a valid assignment of a federal claim, the Anti-Assignment Act requires that (1) "[a]n assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued;" (2) "[t]he assignment shall specify the warrant, must be made freely, and must be attested to by 2 witnesses;" and (3) "[t]he person making the assignment shall acknowledge it before an official who may acknowledge a deed, and the official shall certify the assignment." 31 U.S.C. § 3727(b).

Here, Plaintiff's assignment does not comply with Anti-Assignment Act because he executed it before his claim was allowed and because two witnesses did not attest to it. (*See* Doc. # 14-1). The instant fee award will therefore be payable to Plaintiff, not his counsel. However, Defendant indicates that he *may* honor Plaintiff's assignment once the Court issues the instant fee award and he determines whether the award is subject to an off-set for any debt Plaintiff might owe to the United States. (*See* Doc. # 15, at 12).

**VI. Costs and Expenses**

**A. Costs**

Plaintiff requests costs of $366.62, consisting of $350.00 for the filing fee, and $16.62 for service of summons. Defendant does not object to the filing fee, but contends that the service costs are compensable as expenses, not costs. Defendant is incorrect. Monies expended to accomplish service of summons are costs under 28 U.S.C. § 1920(1). *Gaddis v. United States*, 381 F.3d 444, 456 (5th Cir. 2004). Plaintiff will be awarded all of

his requested costs.

**B. Expenses**

Plaintiff requests expenses of $425.44, consisting of $402.33 in mileage, $17.00 in fax transmissions, $4.44 in postage. Despite Defendant's argument to the contrary, the Court finds that the EAJA authorizes mileage costs as a "fee" or "other expense" under Section 2412(d)(1)(A). *See, e.g.*, *Coleman v. Astrue*, No. C05-3045-PAZ, 2007 WL 4438633, at *4 (N.D. Iowa Dec. 17, 2007) (allowing all of attorney's mileage costs, as well as his travel time at half his hourly rate). However, as noted above, Plaintiff overestimated his travel time and thus the Court will reduce his mileage costs to $217.67 (392.2 miles times .555 cents per mile). Defendant also objects to the fax expenses because Plaintiff has not shown that they were "routine or reasonable." (Doc. # 15, at 10-11). The fax expenses are *de minimis* and appear reasonable to the Court. The Court will therefore award Plaintiff $239.11 in expenses.

**VII. CONCLUSION**

Accordingly, for the reasons stated herein, **IT IS ORDERED** as follows:

(1) Plaintiff's motion to amend petition for attorney's fees under 28 U.S.C. § 2412(b) (Doc. # 18) is hereby **DENIED**;

(2) Plaintiff's petition for attorney's fees and costs under the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (Doc. # 13) is hereby **GRANTED IN PART** and **DENIED IN PART.** Plaintiff's counsel's request for an award of fees under the Equal Access to Justice Act is hereby **GRANTED**; however, counsel's request for an approved hourly rate of $150.00 and a total of 78.5 compensated hours is hereby **DENIED**. Counsel is instead awarded fees at

a rate of $125.00 per hour for 57.15 attorney hours. Defendant is therefore ordered to pay Plaintiff fees in the sum of $7,143.75, plus costs of $366.62.00 and expenses of $239.11.

This 29th day of November, 2012.




**Signed By:**
***David L. Bunning*** DB
**United States District Judge**

G:\DATA\ORDERS\Lexington\10-346 Grant in part and deny in part SSA attorney's fees.wpd